**Gregory K. ZOELLER, Plaintiff—Appellant,**

v.

**STERLING CAPITAL MORTGAGE, INC.; Tim Owens; T. Downey Bridgewater; Jonathan Threadgill, Defendants—Appellees.**

No. 00–16767.

D.C. No. CV–99–01045–PJH.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2002.[*]

Decided April 4, 2002.

Before RYMER, KLEINFELD, and McKEOWN, Circuit Judges.

MEMORANDUM [**]

This case went to trial, and the trier of fact rejected Zoeller's story. We have carefully studied the record and conclude that none of the findings were clearly erroneous. Zoeller argues that the court simply adopted Sterling's proposed findings. It did not, and even if it had, the clearly erroneous standard would still apply.[1]

Though the district judge stated in her conclusions of law that Zoeller "presented no evidence supporting" many of his claims, it is plain from a reading of the entire sixteen pages of findings and conclusions that the district judge meant that she was not persuaded of the truth of Zoeller's evidence, not that there was none. The heart of the case was whether, as Sterling Capital asserted, Zoeller was required to turn over all brokers' fees to Sterling Capital so that it could then pay Zoeller what it owed him, and he instead made is own calculation of what he thought he was owed and did not turn over the fees. The trier of fact that heard the evidence believed Sterling's case.

**AFFIRMED.**

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See Kern Oil & Refining Co. v. Tenneco Oil Co.,* 792 F.2d 1380, 1386 (9th Cir.1986), *cert. denied,* 480 U.S. 906, 107 S.Ct. 1349, 94 L.Ed.2d 520 (1987).